UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § § § | Civil Action No. 4:16-cv-1771 |
| Plaintiff, | § § | |
| v. | § § | |
| LOOL TECH CO., LIMITED, and SHENZHEN BILINREN TECHNOLOGY CO., LTD., d/b/a SHENZHEN LOOL TECH CO., LTD., | § § § § § § | |
| Defendants. | § § § | |

## COMPLAINT

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendants Lool Tech Co., Limited and Shenzhen Bilinren Technology Co., Ltd., d/b/a Shenzhen Lool Tech Co., Ltd. and states as follows:

### Nature of the Action

1. DISH brings this suit for copyright infringement to stop Defendants' blatant infringement of DISH's rights. Defendants are capturing broadcasts of television channels exclusively licensed to DISH in the United States and are unlawfully retransmitting those channels over the Internet to customers of Defendants' Loolbox service throughout the United States. Defendants profit from the scheme by selling Loolbox set-top boxes, which provide access to the service and retail for approximately $180 per unit. Defendants are not authorized to retransmit these channels, and DISH has received no compensation from Defendants. Written demands asking Defendants to cease infringing DISH's rights have gone unanswered, prompting this suit for damages and injunctive relief.

**Parties**

2.     Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.  DISH is the third largest pay-television provider in the United States, delivering copyrighted programming to millions of subscribers nationwide by means of satellite and over-the-top ("OTT") services (OTT services are programming services delivered using a public Internet infrastructure as opposed to services delivered using a system controlled by the content provider).  DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

3.     DISH contracts for and purchases rights for the international channels distributed on its platform from network affiliates and their agents, such as Al Jazeera Media Network and MBC FZ LLC (collectively, the "Networks").  Pursuant to written agreements with Networks, DISH has the exclusive right to distribute and publicly perform in the United States the works that air on the Al Jazeera Arabic News, MBC1, MBC Drama, MBC Kids also known as MBC3, and MBC Masr channels (collectively, the "Protected Channels"), by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet.

4.     Defendant Lool Tech Co., Limited is a Hong Kong private company, registration number 1945386, with its principal place of business located at Unit B12, 29/F, Legend Tower, 7 Shing Yip Street, Kwun Tong, Kowloon, Hong Kong

5.     Defendant Shenzhen Bilinren Technology Co., Ltd., d/b/a Shenzhen Lool Tech Co., Ltd. is a China limited liability company, registration number 440301109128859, with its principal place of business located at Room 1503B, Business Building B, Nanxian Business Plaza, No. 51 Meilong Avenue, Longhua New District, Shenzhen, Guangdong, China 518131.

6. Lool Tech Co., Limited and Shenzhen Bilinren Technology Co., Ltd. (collectively "Defendants") manufacture and sell Loolbox set-top boxes and services, including the unlawful retransmission of the Protected Channels. Defendants own and operate www.loolbox.com ("Loolbox.com"), the official website of the Loolbox set-top box and service. Defendants registered the following trademark for, among other things, "video receivers" with the United States Patent and Trademark Office, registration number 4850105:



Defendants use this mark in their manufacture, marketing, and sale of Loolbox set-top boxes and services.

7. Upon information and belief, each of the Defendants was the agent and/or principal for one another, was acting within the scope of such agency when engaging in the misconduct alleged herein, and is jointly and severally liable for all damages arising as a result thereof.

**Jurisdiction and Venue**

8. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9. Personal jurisdiction over Defendants is proper in this Court because they purposefully directed their conduct towards and purposefully availed themselves of the privileges of conducting business activities within the State of Texas by transmitting the Protected Channels, supplying and offering to supply Loolbox set-top boxes, and offering and providing the Loolbox service to customers in the State of Texas and the Southern District of Texas, causing injury to DISH in this State and in this District. In the alternative, personal jurisdiction is proper pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure because this Court's exercise of jurisdiction is

consistent with the Constitution and laws of the United States, DISH's claims arise under federal law, and Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state.

10. Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because Defendants are nonresidents that may be sued in any judicial district. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

### Defendants' Wrongful Conduct

11. Defendants own and operate the Loolbox service. On their website, Defendants describe Loolbox as an "Arabic IPTV" service with "350 Arabic Channels." According to Defendants' website, they have "over 5,000 users" and "develop[]ed the whole IPTV system solution. CMS, CDN, P2P, ENCODER, SAT-RECEIVER, ANDROI[]D application, cross co[u]ntr[y] signal []transfer system etc." Defendants' website also claims that "All the loolbox that sold before [M]ay 1[st] (2014), will be forever free. [T]he order that behind [M]ay 1[st], will be 2 years free to watch."

12. Defendants, however, have conceded on their website that they retransmit programming content from their computer server: "loolbox use internet streaming, there are many free links from public website we not streaming all the channels with our server we only make the important channels with our server. [T]his is how we keep going with cheaper price for the Arabic users."

13. Through the Loolbox service, Defendants unlawfully retransmit the Protected Channels in the United States. The Protected Channels were observed during testing of the Loolbox service. The Protected Channels are also identified in the user interface that viewers navigate when accessing content on the Loolbox service through the Loolbox set-top box and in advertisements

for Loolbox made on Defendants' Loolbox.com website and Facebook pages located at https://www.facebook.com/loolbox00/ and https://www.facebook.com/LOOLBOXIPTV/. Examples of the copyrighted works that aired on the Protected Channels are identified in Exhibit 1.

14. Any member of the public with Internet access, including those located throughout the United States, can receive Protected Channels from Defendants by purchasing the Loolbox set-top box that corresponds with the Loolbox service. Defendants sell the Loolbox set-top box for $180 via Loolbox.com or http://www.loolbox.en.alibaba.com/. Defendants also sell the Loolbox set-top box through dealerships, including www.loolboxhd.com.

15. Once connected to the Internet, the Loolbox set-top box (hereinafter, an "STB"), connects with a main server for authentication and configuration. If the STB is correctly authenticated, the main server replies with a list of URLs to query for configuration files. The STB then queries the main server for the list of live television channels, and the main server replies with an encrypted configuration file permitting the STB to transmit the Protected Channels. The configuration files contain, among other things, channel information for the programming guide and the Internet Protocol ("IP") addresses of the servers retransmitting the Protected Channels.

16. The Protected Channels are retransmitted on the Loolbox service through a feature called "Live TV."

### The Live TV Section

17. The Live TV section of the Loolbox service is used to retransmit programming over the Internet to users in real time, nearly simultaneously with its original authorized transmission. On information and belief, Defendants select and obtain the channels that are retransmitted on Live TV, including the Protected Channels. On information and belief, Defendants capture live broadcast signals of the Protected Channels, transcode these signals into a format useful for

streaming over the Internet, and then upload and transfer the transcoded content to one or more computer servers that are provided, controlled, and maintained by Defendants.

18. The Protected Channels are then retransmitted in the Live TV section of the Loolbox service using a peer-to-peer ("P2P") network. To receive a Live TV channel, the STB downloads, among other content, a configuration file from the main server that contains the IP addresses of the servers acting as "trackers" for that channel. The STB accesses the tracker servers, obtains the IP addresses of the "peers" retransmitting that channel, and then receives the channel from those peers. On information and belief, Defendants provide, control, and maintain the main server and tracker servers, and are the original source of the Protected Channels that are retransmitted on the Live TV section of the Loolbox service. For some users accessing the Protected Channels, the "peer" is in fact a server controlled and maintained by Defendants, and therefore, Defendants retransmit the Protected Channels directly to some users of the Loolbox service. Users of Loolbox, when viewing a channel on Live TV, may also serve as a peer and retransmit that channel to other users that request the channel through Defendants' servers and connected peers.

19. Defendants were provided with at least sixteen (16) notices of infringement demanding that Defendants cease unlawfully retransmitting the Protected Channels. A prior account for Defendants' main server was terminated on or about March 27, 2016, pursuant to Digital Millennium Copyright Act "DMCA" takedown letters sent to one of Defendants' service providers. On information and belief, Defendants' server hosting company forwarded copies of the DMCA takedown letters to Defendants prior to the March 27 termination of Defendants' main server account. Within days of Defendants' main server account termination, Defendants again retransmitted the Protected Channels through the use of a different server hosted by a different

hosting company. To date, Defendants continue to infringe DISH's rights in the Protected Channels.

## Claims for Relief

### Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501

20. DISH repeats and realleges the allegations in paragraphs 1-19.

21. Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

22. The programs shown on the Protected Channels are original audiovisual works that are fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in the programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including the United Arab Emirates and Qatar, where the programs were authored or first published. The programs constitute foreign works for purposes of 17 U.S.C. §§ 101, 411, and are protected by the Copyright Act, 17 U.S.C. § 104.

23. Defendants distribute and publicly perform the copyrighted programs that air on the Protected Channels to users throughout the United States via the Live TV section of the Loolbox service, all in violation of DISH's exclusive rights under 17 U.S.C. § 106. DISH has not authorized Defendants to distribute or publicly perform these programs in any manner.

24. Defendants are directly infringing DISH's copyrights in violation of 17 U.S.C. § 501. The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

25.     Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

26.     Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation and goodwill, and lost sales, for which there is no adequate remedy at law.

## Count II

### Contributory/Inducing Copyright Infringement Under 17 U.S.C. § 501

27.     DISH repeats and realleges the allegations in paragraphs 1-19 and 21-22.

28.     Users of Loolbox are infringing DISH's copyrights in programs that air on the Protected Channels by acting as peers that retransmit that programming, obtained without authorization, to other users with whom they have no preexisting social relationship through the Live TV section of the Loolbox service.

29.     Defendants have actual or constructive knowledge of this infringing activity and materially contribute to that activity by providing, controlling, and maintaining the Live TV section of the Loolbox service.  In addition, Defendants knowingly contribute to this infringement in a material way by supplying the STBs that facilitate access to the programs retransmitted without authorization on the Live TV section of the Loolbox service.

30.     Defendants also engage in purposeful conduct that intentionally induces Loolbox users to retransmit the programs, obtained without authorization, on the Protected Channels through the Live TV section of the Loolbox service.  Among other things, Defendants provide the STBs with the object of promoting and encouraging their use to view copyrighted television programs, including programs that air on the Protected Channels, and in turn to retransmit those programs to other users of the Live TV section of the Loolbox service with whom they have no preexisting

social relationship. Defendants are believed to rely on the retransmittal of the copyrighted programs for the success of their business.

31. Defendants are contributing to and inducing infringement of DISH's copyrights in violation of 17 U.S.C. § 501. The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

32. Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

33. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation and goodwill, and lost sales, for which there is no adequate remedy at law.

## Count III

### Vicarious Copyright Infringement Under 17 U.S.C. § 501

34. DISH repeats and realleges the allegations in paragraphs 1-19 and 21-22.

35. Users of Loolbox are infringing DISH's copyrights in programs, obtained without authorization, that air on the Protected Channels by acting as the peers that are retransmitting that programming to other users, with whom they have no preexisting social relationship, through the Live TV section of the Loolbox service.

36. Defendants have the legal right and the actual ability to supervise and control this infringing activity because the Live TV section of the Loolbox service is provided, controlled, and maintained by Defendants. Defendants refuse to take any action to stop the infringement of DISH's exclusive rights in the programs retransmitted through the Live TV section of the Loolbox service.

37. Defendants receive a direct financial benefit from having the copyrighted programs distributed and publicly performed through the Live TV section of the Loolbox service. The

availability of the copyrighted programming attracts and draws users to Loolbox, resulting in the sale of STBs and related accessories by Defendants.

38. Defendants are vicariously infringing DISH's copyrights in violation of 17 U.S.C. § 501. The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

39. Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

40. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation and goodwill, and lost sales, for which there is no adequate remedy at law.

## **Prayer for Relief**

WHEREFORE, DISH prays for judgment against Defendants as follows:

A. For permanent injunctive relief restraining and enjoining Defendants and their employees, agents, representatives, attorneys, and all persons that are acting in concert or in participation with them, from distributing or publicly performing the programs that air on the Protected Channels, or otherwise infringing DISH's copyrights, as authorized by 17 U.S.C. § 502;

B. For maximum statutory damages in the amount of $150,000 per work infringed under 17 U.S.C. § 504(c), or alternatively DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein pursuant to 17 U.S.C. § 504(b);

C. For DISH's attorneys' fees and costs under 17 U.S.C. § 505;

D. For impoundment and disposition of all infringing articles under 17 U.S.C. § 503;

      E.      For pre- and post-judgment interest on all damages, from the earliest date permitted by law at the maximum rate permitted by law;

      F.      For such additional relief as the Court deems just and equitable.

Dated: June 20, 2016

      Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: s/ Joseph H. Boyle
Joseph H. Boyle (attorney-in-charge)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Stephen M. Ferguson (of counsel)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706

**Counsel for Plaintiff DISH Network L.L.C.**