United States District Court
Southern District of Texas
**ENTERED**
March 20, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> LOOL TECH CO., LIMITED, and SHENZHEN BILINREN TECHNOLOGY CO., LTD., d/b/a SHENZHEN LOOL TECH CO., LTD., <br><br> Defendants. | Civil Action No. 4:16-cv-1771 |

## Final Judgment and Permanent Injunction

This matter came before the Court on the Combined Motion for Entry of Default and Default Judgment filed by Plaintiff DISH Network L.L.C. ("Plaintiff") against Defendants Lool Tech Co., Limited and Shenzhen Bilinren Technology Co., Ltd., d/b/a Shenzhen Lool Tech Co., Ltd. (together, "Defendants").

Having considered the submissions in support of Plaintiff's Motion, and the pleadings on file, the Court **GRANTS** the Motion, enters default, and finds:

Plaintiff owns copyrights in the works that air on its channels which include Al Jazeera Arabic News, MBC1, MBC Drama, MBC Kids / MBC3, and MBC Masr (collectively, the "DISH Channels").

Defendants, without authorization from Plaintiff, retransmitted the DISH Channels and the copyrighted works that air on those channels to users of their Loolbox service. In doing so, Defendants directly infringed Plaintiff's exclusive rights to distribute and publicly perform the works that air on the DISH Channels. Judgment is hereby directed to be entered against Defendants on Count I of Plaintiff's complaint for direct copyright infringement.

Defendants also provide Loolbox set-top boxes, and a channel sharing feature of the Loolbox service, which creates the network whereby Defendants' users retransmit to other users, without authorization, the DISH Channels and copyrighted works airing on those DISH Channels. Defendants promote Loolbox as an unauthorized network for the distribution and public performance of the DISH Channels. Defendants have actual knowledge that specific users of their Loolbox set-top boxes and service are retransmitting the DISH Channels without authorization, and encourage that activity rather than taking simple measures to prevent the infringement. Therefore, judgment is entered against Defendants on Count II of Plaintiff's complaint for inducing and otherwise materially contributing to copyright infringement by users of their Loolbox service.

Defendants have the right and ability to control their users' unauthorized retransmission of the DISH Channels and the copyrighted works that air on those channels, as shown by their practical, operational control over all aspects of the Loolbox service and the servers supporting that service. Defendants receive direct financial benefits from their users' unauthorized retransmission of the DISH Channels because the availability of this content attracts users to their Loolbox service, resulting in Defendants' sale of the Loolbox set-top boxes and accessories. Judgment shall be entered against Defendants on Count III of Plaintiffs' complaint for vicarious copyright infringement.

Based on these findings, the Court hereby **ORDERS** that:

1. Plaintiff DISH Network L.L.C. shall have judgment against Defendants, jointly and severally, in the total amount of $1,050,000, with interest on

this principal amount according to the statutory rate pursuant to 28 U.S.C. § 1961(a). The amount consisting of $150,000 for each of its seven registered, copyrighted works that Defendants willfully infringed by retransmitting these copyrighted works without authorization on their Loolbox service;

  2. Defendants and any of their officers, agents, servants, employees, attorneys, or other persons, including dealers, acting in active concert or participation with any of the foregoing that receives actual notice of the order, are permanently enjoined from:

    a. copying by means of any device or process the DISH Channels or any of the programming that comprises the DISH Channels;

    b. retransmitting, streaming, distributing, or publicly performing in the United States, by means of the Loolbox service, or any other device or process, the DISH Channels or the programming that comprises the DISH Channels;

    c. distributing, providing, or promoting any product or service, including the Loolbox set-top box and the Live TV section of the Loolbox service, that comprises the whole or part of a network or service for the distribution and public performance of the DISH Channels or the programming that comprises the DISH Channels;

    d. advertising, displaying, or marketing the Loolbox service or set-top boxes in connection with the DISH Channels or the programming that comprises the DISH Channels; and

    e. otherwise infringing Plaintiff's rights in the DISH Channels, either directly, contributorily, vicariously, or in any other manner.

3. Third parties providing any form of electronic storage, computer server, website hosting, file hosting, domain hosting, domain name registration, content delivery or acceleration, or social media services used in connection with any of the activities enjoined under Paragraph 2, and who receive actual notice of this Order, are enjoined from providing services in connection with any of the activities enjoined under Paragraph 2.

4. The registries and registrars holding or listing the domain names loolbox.net and loolbox.com, upon receiving actual notice of this Order, shall (i) temporarily disable the domain names through a registry hold or otherwise, and make them inactive and non-transferable; and (ii) transfer these domain names to Plaintiff, including changing the registrar of record to the registrar selected by Plaintiff.

5. The third parties holding or listing the subdomain loolbox.en.alibaba.com and associated accounts, upon receiving actual notice of this Order, shall terminate the subdomain and associated accounts.

6. Violation of this Order shall subject Defendants and all other persons bound by this Order to all applicable penalties, including contempt of Court.

7. The Court shall retain jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

It is so ORDERED.

SIGNED on this 17 day of March, 2017.

David Hittner
United States District Judge