United States District Court
Southern District of Texas
**ENTERED**
May 16, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

DISH NETWORK L.L.C.,

     Plaintiff,

     v.

LOOL TECH CO., LIMITED, and
SHENZHEN BILINREN
TECHNOLOGY CO., LTD., d/b/a
SHENZHEN LOOL TECH CO., LTD.,

     Defendants.

Civil Action No. 4:16-cv-1771

## Order Granting DISH Network L.L.C.'s Second Motion for Contempt

Having considered the second motion for contempt filed by DISH Network L.L.C. ("DISH"), and good cause appearing, the Court **GRANTS** the motion and **ORDERS** that Lool Tech Co., Limited and Shenzhen Bilinren Technology Co., Ltd., d/b/a Shenzhen Lool Tech Co., Ltd. (together, "Defendants"), Tan Hai Guang ("Guang"), Lool IPTV Stream Inc. d/b/a Loolboxhd.com ("Loolboxhd"), O & M Electronic Inc., Fathy Melika, A. Ultra Video, Corp., Wild Eagle Cellular Inc., 5th Avenue Wireless Corp., and Ibrahim Solman d/b/a Kamal's Video (collectively "Defendants' Dealers") are in contempt of this Court.

The Court entered a Final Judgment and Permanent Injunction ("Permanent Injunction") on March 17, 2017, enjoining Defendants from (1) retransmitting the Al Jazeera Arabic News, MBC1, MBC Drama, MBC Kids / MBC3, and MBC Masr channels (the "DISH Channels") in the United States and (2) distributing, providing, or promoting any product or service, including the Loolbox set-top box and service, that distributes or publicly performs the DISH Channels.  (Dkt. 25, Inj. ¶ 2(b-c).) Dealers acting in active concert or participation with Defendants who received actual

notice of the Permanent Injunction were also enjoined from distributing, providing, or promoting any product or service, including the Loolbox set-top box and service, that distributes or publicly performs the DISH Channels. (*Id.*)   The Permanent Injunction was served on Defendants on March 24, 2017.   DISH also served the Permanent Injunction on Loolboxhd and Defendants' Dealers, demanding that they cease distributing, providing, and promoting the Loolbox set-top box and service and all set-top boxes or services that distribute the DISH Channels in the United States.

The Court entered an Order Granting Motion for Contempt ("Contempt Order") on August 21, 2017, finding Defendants in contempt of this Court for continuing to retransmit the DISH Channels and the copyrighted works that air on those channels to users of their Loolbox service.  (Dkt. 30, Contempt Order at 2.) The Contempt Order required Defendants to immediately comply with the Permanent Injunction and cease retransmitting the DISH Channels. (*Id.* ¶ 1.) The Contempt Order was served on Defendants on September 20, 2017.

The Contempt Order also required registries and registrars to disable and transfer several domains used by Defendants in the course of retransmitting the DISH Channels.   (*Id.* ¶ 2.)   The transfer of the domains temporarily ceased Defendants' retransmission of the DISH Channels.  Approximately one week later, Defendants and Loolboxhd distributed updated software that enabled Defendants to continue retransmitting the DISH Channels.  Defendants are continuing to retransmit the DISH Channels in the United States.

2

Defendants are also continuing to distribute, provide, and promote the Loolbox set-top box and service with the help of Guang, Loolboxhd, and Defendants' Dealers. Guang is the Executive Director & General Manager, Legal Representative, and 65% shareholder of Defendants. Defendants have received payments through Guang's PayPal accounts totaling more than $1,413,000 from their sale of Loolbox set-top boxes and services.

Loolboxhd and Defendants' Dealers acquired Loolbox set-top boxes and services from Defendants and acted in active concert or participation with Defendants in distributing, providing, and promoting them to users in the United States. Loolboxhd and Defendants' Dealers disregarded DISH's letters serving them with copies of the Permanent Injunction and are continuing to distribute, provide, and promote the Loolbox set-top box and service in the United States. Defendants' Dealers sell Loolbox set-top boxes for approximately $165 to $250 and Loolboxhd sells Loolbox service renewals for approximately $90. The Loolbox set-top boxes and services purchased from Loolboxhd and Defendants' Dealers are retransmitting the DISH Channels in the United States.

Based on these findings, the Court hereby **ORDERS** that:

1.      Defendants, Tan Hai Guang, Lool IPTV Stream Inc., O & M Electronic Inc., Fathy Melika, A. Ultra Video, Corp., Wild Eagle Cellular Inc., 5th Avenue Wireless Corp., and Ibrahim Solman are in contempt of this Court.

2.      Defendants, Tan Hai Guang, and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with Defendants shall immediately comply with the Permanent Injunction entered March

3

17, 2017 and Contempt Order entered August 21, 2017, cease retransmitting the DISH Channels in the United States, and cease distributing, providing, and promoting products and services, including the Loolbox set-top box and service, that distribute, publicly perform, or transmit the DISH Channels.

3.      VeriSign, Inc. and any relevant registries and registrars, upon receiving actual notice of this Order, shall disable and transfer to DISH the loolboxhd.com domain, and all other domains used by Defendants, Tan Hai Guang, or Lool IPTV Stream Inc. in the course of distributing, providing, or promoting products and services that distribute, publicly perform, or transmit the DISH Channels, including the Loolbox set-top boxes and service renewals.  The transfer of the domains shall include changing the registrar of record to the registrar selected by DISH at DISH's reasonable expense and reenabling the domains so that DISH may fully control and use the domain names.

4.      The Court has personal jurisdiction over Tan Hai Guang, Lool IPTV Stream Inc., O & M Electronic Inc., Fathy Melika, A. Ultra Video, Corp., Wild Eagle Cellular Inc., 5th Avenue Wireless Corp., and Ibrahim Solman because they acted in active concert and participation with Defendants in distributing, providing, and promoting the Loolbox set-top box and service in the United States, after receiving actual notice of the Permanent Injunction.

5.      Defendants, Tan Hai Guang, Lool IPTV Stream Inc., O & M Electronic Inc., Fathy Melika, A. Ultra Video, Corp., Wild Eagle Cellular Inc., 5th Avenue Wireless Corp., and Ibrahim Solman shall immediately cease distributing, providing,

and promoting all products and services that distribute, publicly perform, or transmit the DISH Channels, including the Loolbox set-top boxes and service renewals.

6.      Defendants, Tan Hai Guang, Lool IPTV Stream Inc., O & M Electronic Inc., Fathy Melika, A. Ultra Video, Corp., Wild Eagle Cellular Inc., 5th Avenue Wireless Corp., and Ibrahim Solman shall turn over to DISH all products that distribute, publicly perform, or transmit the DISH Channels, including the Loolbox set-top boxes and service renewals, in their possession, custody, or control as of the date that each receives notice of this Order and any subsequently received.  The products shall be delivered to DISH, c/o Hagan Noll & Boyle LLC, 820 Gessner, Suite 940, Houston, TX 77024, within fourteen days of the date of this Order.

7.      DISH shall be awarded its reasonable attorneys' fees and costs relating to DISH's second motion for contempt that are proven up within twenty-one days from the date of this Order.  DISH's attorneys' fees and costs shall be paid (1) jointly and severally by Defendants and Tan Hai Guang and (2) proportionately by any of Lool IPTV Stream Inc., O & M Electronic Inc., Fathy Melika, A. Ultra Video, Corp., Wild Eagle Cellular Inc., 5th Avenue Wireless Corp., and Ibrahim Solman that fail to fully comply with this Order and the Permanent Injunction within 14 days of the date of this Order.

8.      Violation of this Order, the Contempt Order, or the Permanent Injunction shall subject Defendants, Tan Hai Guang, Lool IPTV Stream Inc., O & M Electronic Inc., Fathy Melika, A. Ultra Video, Corp., Wild Eagle Cellular Inc., 5th Avenue Wireless Corp., Ibrahim Solman, and all other persons bound by the orders to all applicable penalties, including further contempt sanctions.

It is so ORDERED.

SIGNED on this __15__ day of May, 2018.

David Hittner
United States District Judge