Case 4:16-cv-01771   Document 40   Filed in TXSD on 01/18/19   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-16-1771 |
| | § | |
| LOOL TECH CO., LIMITED *and* | § | |
| SHENZHEN BILINREN | § | |
| TECHNOLOGY CO., LTD., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff DISH Network L.L.C.'s Motion for Attorney's Fees and Costs Related to Second Motion for Contempt (Document No. 38). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

### I. BACKGROUND

This is copyright infringement case. Plaintiff DISH Network LLC ("DISH") owns the exclusive rights to distribute certain international channels ("Protected Channels")[1] within the United States. Defendants Lool Tech Co. Limited ("Lool

---

[1] The content of the Protected Channels includes a mix of works copyrighted in the United States, for which DISH owns the copyrights, and unregistered works in the United States protected under the copyright law of the United Arab Emirates and Qatar, which have copyright protection in the United States because those countries and the

Tech") and Shenzhen Bilinren Technology Co. Ltd. d/b/a Shenzhen Lool Tech Co. Ltd. ("Shenzhen") (collectively, "Defendants") sell hardware in the form of set-top boxes that provide access to captured and retransmitted live television channel broadcasts. Tan Hai Guang ("Guang") is the executive director, general manager, legal representative, and sixty-five percent shareholder of Defendants. DISH contends Defendants' servers retransmit the Protected Channels as live TV through set-top boxes that infringe DISH's copyrights.

Based on the foregoing, on June 20, 2016, DISH filed this lawsuit bringing claims against Defendants for (1) direct copyright infringement under 17 U.S.C. § 501; (2) contributory/inducing copyright infringement under 17 U.S.C. § 501; and (3) vicarious copyright infringement under 17 U.S.C. § 501. On March 17, 2017, the Court entered a default judgment against Defendants. The default judgment included an injunction enjoining Defendants and third parties acting in concert with Defendants (the "Injunction"). On August 21, 2017, the Court entered an order of contempt, ordering Lool Tech and third parties acting in active concert with Lool Tech to comply with the Injunction (the "Contempt Order"). On May 15, 2018, the Court entered a second order of contempt (the "Second Contempt

---

United States are parties to the Berne Convention for the Protection of Literary and Artistic works.

2

Order"). On June 5, 2018, DISH filed a motion for attorney's fees and costs ("Fees Motion").

## II. LAW & ANALYSIS

DISH seeks reasonable attorney's fees and costs related to the Second Contempt Order. Specifically, DISH seeks $33,385.50 in attorney's fees and $7,512.31 in costs to be paid by Defendants and Guang jointly and severally, and proportionately in the amount of $13,632.60 by each Lool IPTV Stream Inc., O & M Electronic Inc., and Wild Eagle Cellular Inc. ("Defendants' Dealers") for failing to timely comply with the Second Contempt Order. A district court has discretion to award attorney's fees to enforce compliance with its orders. *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977). The Second Contempt Order states:

> DISH shall be awarded its reasonable attorneys' fees and costs relating to DISH's second motion for contempt that are proven up within twenty-one days from the date of this Order. DISH's attorneys' fees and costs shall be paid (1) jointly and severally by Defendants and Tan Hai Guang and (2) proportionately by any of Lool IPTV Stream Inc., O & M Electronic Inc., Fathy Melika, A. Ultra Video, Corp., Wild Eagle Cellular Inc., 5th Avenue Wireless Corp., and Ibrahim Solman that fail to fully comply with this Order and Permanent Injunction within 14 days of the date of this Order.[2]

---

[2] *Order Granting DISH Network L.L.C.'s Second Motion for Contempt*, Document No. 36 at ¶ 7 [hereinafter *Second Contempt Order*].

DISH filed the Fees Motion within twenty-one days of the date of the Second Contempt Order. In support of its Fees Motion, DISH attached a declaration of its counsel, Stephen Ferguson ("Ferguson"), ("Ferguson Declaration"). In the Ferguson Declaration, Ferguson states that all fees sought in the Fees Motion are specifically related to the Second Contempt Order.[3]

As to the fees sought from Defendants' Dealers, the Second Contempt Order states that Defendants' Dealers "shall immediately cease distributing, providing, and promoting all" infringing product and "shall turn over to DISH all products that distribute, publicly perform, or transmit the DISH Channels."[4] DISH submitted screenshots of pages located at www.myloolbox.com that show Lool IPTV Stream Inc. is continuing to distribute, provide, and promote Loolbox service renewals.[5] Further, Ferguson states that DISH's counsel did not receive any products from O & M Electronic Inc. and Wild Eagle Cellular Inc. nor any correspondence confirming that they did not have any Loolbox set-top boxes or that they ceased distributing, providing, and promoting the Loolbox set-top boxes.[6]

---

[3] *Plaintiff DISH Network L.L.C.'s Motion for Attorney's Fees and Costs Related to Second Motion for Contempt*, Document No. 38, Exhibit 1 (*Declaration of Stephen Ferguson*) [hereinafter *Ferguson Declaration*].

[4] *Second Contempt Order*, *supra* note 2, at 6.

[5] *Plaintiff DISH Network L.L.C.'s Motion for Attorney's Fees and Costs Related to Second Motion for Contempt*, Document No. 38, Exhibits 6, 7.

[6] *Ferguson Declaration*, *supra* note 3.

The Second Contempt Order does not, however, require Defendants' Dealers to provide correspondence to DISH confirming that they are in compliance with the Second Contempt Order. Other than Ferguson's Declaration that DISH has not received any product or correspondence from O & M Electronic Inc. and Wild Eagle Cellular Inc., there is no evidence that O & M Electronic Inc. and Wild Eagle Cellular Inc. did not comply with the Second Contempt Order.[7] The Court therefore finds Lool IPTV Stream Inc. failed to comply with the Second Contempt Order within fourteen days, however, DISH has not shown O & M Electronic Inc. and Wild Eagle Cellular Inc. failed to comply with the Second Contempt Order. *See Mid-Continent Cas. v. Pipe Line Co.*, 205 F.3d 222, 231 (5th Cir. 2000) (stating that the party seeking to recover fees generally has the burden of proving such fees are recoverable). The Court further finds DISH is entitled to recover attorney's fees and costs from Defendants, Guang, and Lool IPTV Stream Inc. The Court thus turns to calculating the reasonable amount of attorney's fees and costs DISH is entitled to.

---

[7] The Court notes that O & M Electronic Inc. filed a letter with the Court stating that it fully complied with the Second Contempt Order. *See Letter from O & M Electronic Inc.*, Document No. 39. The Court construes the letter as a response to the Fees Motion.

A. *Calculating Attorney's Fees*

The Fifth Circuit utilizes the two-step lodestar method to calculate an award of attorney's fees. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). Under the lodestar method, the court determines the reasonable number of hours expended on the litigation by the movant's attorney and the reasonable hourly rate for the movant's attorney. *Id.* The court then calculates the lodestar by multiplying the reasonable number of hours by the reasonable hourly rate. *Id.* There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). However, once the lodestar is calculated, the court may adjust the lodestar upward or downward as necessary, based on the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, to make the award of attorneys' fees reasonable. *Saizan*, 448 F.3d at 800; *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The movant bears the burden of establishing the reasonableness of the hours expended and rate charged. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

1. *Reasonable Number of Hours*

To establish the reasonable number of hours expended on the litigation by the movant's attorney, "courts customarily require the [movant] to produce contemporaneous billing records or other sufficient documentation so that the

district court can fulfill its duty to examine the application for noncompensable hours." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Courts examine both "whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended." *LULAC v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The movant must also produce evidence of billing judgment which is "documentation of the hours charged and of the hours written off as unproductive, excessive or redundant." *Saizan*, 448 F.3d at 799. Courts are to exclude from the lodestar calculation all time that is "excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

DISH requests a fee award for 108.2 hours expended by its counsel, Fergusen, and counsel's staff, Aleksandra Bajd ("Bajd"). As support for this request, DISH has submitted a detailed accounting of the hours billed, as well as a description of the services rendered for those hours.[8] After reviewing the evidence submitted, the Court finds that DISH has exercised reasonable billing judgment, and that 108.2 hours is a reasonable number of hours for Ferguson and Bajd to have expended on this litigation.

---

[8] *Ferguson Declaration, supra* note 4.

*2. Reasonable Hourly Rate*

To establish the reasonable hourly rate for the movant's attorney, courts must consider the attorney's regular rate as well as the prevailing market rate, which is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate . . . hourly rate." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). If an attorney's customary rate is requested and that rate is within the range of the usual market rates it is *prima facie* reasonable if uncontested. *La. Power & Light Co*, 50 F.3d at 328. A court may use their own expertise and judgment to make an independent determination of the value of an attorney's services. *Davis v. Bd. Of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976).

DISH has requested the following rates for its counsel and staff to be used in calculating the lodestar for the work relating to the Second Contempt Order: Fergusen at $375; and (2) Bajd at $135. Ferguson was a senior associate who was promoted to partner during the time he spent working on matters related to the Second Contempt Order.[9] Bajd is a paralegal.[10] Ferguson's Declaration states these

---

[9] *Ferguson Declaration, supra* note 3, at 1.

fees were in line with the usual and customary fees charged in the community for similar matters.[11] The Court in its expertise and judgment finds these are reasonable rates and will use them in calculating the lodestar.

### 3. Calculation of the Lodestar

The lodestar is calculated by multiplying the reasonable number of hours expended on the litigation by the reasonable hourly rate. *Forbush*, 98 F.3d at 821. Having determined the reasonable number of hours expended and the reasonable hourly rate, the Court determines the lodestar as follows:

| **Billing Individual** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| Stephen Ferguson | 93.7 | $375 | $35,137.50 |
| Aleksandra Bajd | 14.5 | $135 | $1,957.50 |
| | | **Total:** | **$37,095.00** |

Further, DISH's counsel provided DISH with a ten percent discount on the fees billed. DISH applied this ten percent discount to the lodestar amount and is thus seeking $33,385.50 in attorney's fees.[12]

---

[10] *Ferguson Declaration, supra* note 3, at 3.

[11] *Ferguson Declaration, supra* note 3, at 2.

[12] $37,095.00 minus $3,709.50 (ten percent of $37,095) equals $33,385.50.

*4. Adjustment to the Lodestar*

There is a strong presumption that the lodestar is reasonable, and it should be modified only in exceptional cases. *Watkins*, 7 F.3d at 458 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). When deciding whether to make an adjustment to the lodestar, courts consider the *Johnson* factors, which are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services; (4) the preclusion of other potential employment by the attorney; (5) the customary fee charged for similar services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. However, the most critical factor in the analysis is the "degree of success obtained." *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Moreover, some of the factors are often subsumed in the initial lodestar calculation; therefore, courts cannot consider factors that were already taken into account during the initial lodestar calculation when deciding whether to adjust the loadstar. *Id.*

The Court has carefully considered each of the *Johnson* factors as applied to this case and determines that their consideration is accurately reflected in the lodestar. The Court therefore finds DISH is entitled to recover the lodestar after application of the ten percent discount—$33,385.50—in attorneys' fees from Defendants, Guang, and Lool IPTV Stream Inc. Accordingly, DISH's motion is granted as to its request for attorney's fees against Defendants, Guang, and Lool IPTV Stream Inc.

B. *Costs*

DISH seeks $7,512.32 in costs related to the Second Contempt Order: (1) $3,469.71 for an investigator to travel to Defendant's dealers; (2) $2,945 to serve Defendants' dealers with DISH's second motion for contempt and Second Contempt Order via process servers; (3) $639.06 to serve Defendants, Guang, Defendants' dealers, and non-parties with DISH's second motion for contempt, order setting hearing, and Second Contempt Order via United States Postal Service; and (4) $458.54 to serve Defendants' dealers with the Second Contempt Order via Federal Express.[13] After reviewing the evidence submitted, the Court finds that DISH reasonably incurred $7,512.32 in costs related to the Second Contempt Order. Accordingly, DISH's motion is granted as to $7,512.32 in costs against Defendants, Guang, and Lool IPTV Stream Inc.

---

[13] *Ferguson Declaration, supra* note 4, at 6–7.

## III.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff DISH Network L.L.C.'s Motion for Attorney's Fees and Costs Related to Second Motion for Contempt (Document No. 38) is **GRANTED** in part and **DENIED** in part. The motion is granted as to $33,385.50 in attorney's fees and $7,512.32 in costs against Defendant Lool Tech Co., Limited, Defendant Shenzhen Bilinren Technology Co., d/b/a Shenzhen Lool Tech Co., Ltd., Tan Hai Guang, and Lool IPTV Stream Inc. The motion is denied as to attorney's fees and costs against O & M Electronic Inc. and Wild Eagle Cellular Inc.

SIGNED at Houston, Texas, on this ___18__ day of January, 2019.

DAVID HITTNER
United States District Judge